WARNER, J.
 

 The trial court dismissed a former wife’s petition for relief from judgment and for modification of child support and visitation, determining that the parties agreed to arbitrate all matters connected with their marital settlement. Because we conclude the marital settlement agreement did not contain an agreement to arbitrate the matters contained in the former wife’s petition, we reverse.
 

 In concluding their contested dissolution of marriage, the husband and wife entered into a marital settlement agreement resolving issues of child support, alimony, and distribution of property. At the same time, they executed a shareholders’ agreement, which resolved issues regarding the parties’ business. The shareholders’ agreement included the following clause pertaining to “dispute resolution/arbitration”:
 

 A. All claims, disputes and matters in question arising out of, or relating to the Agreement or the breach thereof shall be decided by the American Arbitration Association as the Arbitrator. This Agreement to arbitrate shall be specifically enforceable. All matters submitted to arbitration shall proceed in accordance with the rules promulgated by the Arbitrator.
 

 C. The award rendered by the Arbitrator shall be final and binding. Judgment may be entered upon said award in accordance with applicable law in any court having jurisdiction.
 

 The marital settlement agreement did not contain an arbitration clause, but it contained this provision in connection with a clause concerning the parties’ business:
 

 Simultaneously with the execution of this Agreement, the parties have entered into the Shareholders Agreement. This Agreement governs certain aspects of the ongoing business relationship of the parties. It is expressly understood that the terms and conditions of this Shareholders Agreement are incorporated by reference herein, and shall be enforceable by the full power of the Circuit Court as if the terms of that agreement have been reiterated verbatim herein. Any breach by either party of the Shareholders Agreement is specifically enforceable by the contempt power of the Court, and by all other enforcement provisions that may be applicable.
 

 The final judgment of dissolution of marriage approved and incorporated by reference the parties’ marital settlement agreement and the shareholders’ agreement.
 

 Over a year later the wife filed a petition seeking to set aside the final judgment as a result of the husband’s failure to disclose all of his assets in his financial affidavit. Alternatively, she sought to modify the final judgment to include child support, as none had been provided in the final judgment, and to modify the time sharing schedule, seeking confirmation of the de facto schedule being exercised by the parties.
 

 The husband moved to dismiss the petition and to send the case to arbitration pursuant to the provision in the shareholders’ agreement. The wife sought discovery
 
 *459
 
 of the husband’s assets, and the husband objected. Over the wife’s objection, the trial court granted the husband’s motion to dismiss but did not enter an order compelling arbitration of the proceeding. It also granted the husband’s motion to refer the discovery dispute to arbitration. In that order, the court stated that the proceedings had been compelled to arbitration and the husband’s objections to discovery would be determined by the arbitrator. The wife did not file an appeal from the order granting the husband’s motion to dismiss, as that was not a final order. Instead, she filed a notice of appeal from the order referring the discovery to arbitration. Because this order compelled arbitration of the issue, we have jurisdiction.
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(C)(iv).
 

 The wife argues that the trial court erred in referring the matter to an arbitrator, as the marital settlement agreement did not contain an agreement to arbitrate the matters contained in her petition. Further, she also argues that matters of child support and visitation may not be subject to arbitration in Florida. We agree that no valid arbitration agreement exists for the matters involved in her petition. We do not address the validity of an agreement to arbitrate child support and visitation issues.
 

 “A trial court’s order compelling arbitration based on its construction of an arbitration provision is reviewed de novo.”
 
 Sitarik v. JFK Med. Ctr. Ltd., 1
 
 So.3d 576, 577-78 (Fla. 4th DCA 2009). When ruling on a motion to compel arbitration, a court must consider whether a valid written agreement to arbitrate exists, whether an arbitrable issue exists, and whether the right to arbitration was waived.
 
 Id.
 
 at 578.
 

 We need not go further than consideration of the first factor in
 
 Sitarik,
 
 as no valid written agreement exists to arbitrate the disputes in this case. The marital settlement agreement does not provide for the arbitration of family law issues. The shareholders’ agreement included an agreement to arbitrate, but it was limited to “[a]ll claims, disputes and matters in question arising out of, or relating to the [Shareholders’] Agreement.” The incorporation of the shareholders’ agreement into the final judgment of dissolution did not expand the agreement to arbitrate. The wife’s petition seeking to set aside or modify the final judgment raised issues regarding the husband’s alleged failure to disclose assets, child support, and visitation. It did not raise any issues related to the shareholders’ agreement or the parties’ business.
 

 As there is no valid agreement to arbitrate these disputes, we reverse the trial court’s order and remand for further proceedings.
 

 FARMER and LEVINE, JJ., concur.